MICHIGAN TRUST CO. v. FERRY.

(Circuit Court of Appeals, Eighth Circuit. January 10, 1910.)

No. 3,108.

In Error to the Circuit Court of the United States for the District of Utah. Action by the Michigan Trust Company against Edward P. Ferry. Judgment sustaining a demurrer to the complaint, and plaintiff brings error. Affirmed.

Henry C. Hall and Edward B. Critchlow (Dunbar F. Carpenter, on the brief), for plaintiff in error.

Waldemar Van Cott and Joseph T. Richards, for defendant in error.

Before SANBORN and VAN DEVANTER, Circuit Judges, and WILLIAM H. MUNGER, District Judge.

SANBORN, Circuit Judge. In the year 1870, Edward P. Ferry, who was then a citizen of Michigan, was appointed executor of the will of Amanda W. Ferry, by the probate court of the county of Ottawa in the state of Michigan. In December, 1907, upon a petition of legatees and devisees of Amanda W. Ferry the probate court entered a judgment against Edward P. Ferry for damages for the maladministration of the estate of Amanda in the sum of $16,458.81, and decreed that this amount should be paid to the Michigan Trust Company, which was appointed administrator de bonis non of that estate. A complaint was filed by the trust company in the Circuit Court for the District of Utah which set forth these facts and other facts which are substantially identical with those which conditioned the cause of action of the Michigan Trust Company in No. 3,107 which was argued and submitted at the same time with this case. 175 Fed. 667. The court below sustained a demurrer to the amended complaint and refused to permit a second amendment. A dismissal of the complaint followed, and the writ of error in this case presents the same questions which were raised and have been decided in No. 3,107, in which the sufficiency of a similar complaint upon a like cause of action upon a judgment rendered by the same probate court against Edward P. Ferry for a devastavit of the estate of William M. Ferry was involved. Upon the authority of the opinion and conclusion in that case the judgment in this case must be affirmed, and it is so ordered.